IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: CR4:18CR 262 |
| | ) | |
| v. | ) | |
| | ) | |
| HOSEA SCOTT | ) | |

**GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY**

Now comes the United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, and shows as follows:

Pursuant to Rule 16(a)(1)(G), the government provides notice to the defense of the following expert witnesses expected to testify at the trial of the above-referenced case:

**A. Interstate Commerce Nexus (Firearm)**

Charles Mulherin, is a Special Agent in the Augusta Field Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  He will testify to facts and identifying data regarding the firearm and related ammunition described in the Indictment, including its movement in interstate and foreign commerce.  Specifically, SA Mulherin will testify that the Smith & Wesson Model SD9VE, 9mm pistol, referenced in Count One of the Indictment is a firearm within the definition of 18 U.S.C. Section 921(a)(3) and was manufactured outside of the state of Georgia.

SA Mulherin's opinion is based upon reference materials (further detailed in discovery), research, and the agent's own training and experience.  SA Mulherin has previously been qualified as an expert witness in federal court for this purpose.  His

curriculum vitae is attached as Exhibit "1".  A copy of SA Mulherin's report is attached as Exhibit "2" and was previously disclosed to counsel in the discovery materials.

### B. Forensic Examiner (DNA)

Phillip Hopper is a forensic serologist who, as an employee of Serological Research Institute ("SERI"), analyzed physical evidence collected in this case.

First, the government expects Mr. Hopper will provide background testimony and information about Serological and Nuclear DNA examinations and comparisons. Second, the government expects Mr. Hopper will offer testimony about the results of Serological and Nuclear DNA examinations conducted on items of evidence recovered from various sources in this investigation. Third, the government expects Mr. Hopper will testify about comparisons between the DNA results from examination of these items of evidence, and the DNA obtained from Defendant Hosea Scott, and the results of those comparisons. Mr. Hopper has previously been qualified as an expert witness in federal court for this purpose. A copy of Mr. Hopper's report of his analysis is attached as Exhibit "3," and was previously provided to counsel in discovery.  A copy of Mr. Hopper's curriculum vitae is attached as Exhibit "4."

### C. Memorandum of Law and Citations to Authority

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed.R.Evid. 702.  Under Rule 702, in such situations a witness "qualified as an expert by knowledge, skill, experience, training, or education may testify ... in the form of an opinion or otherwise." Id.

The admissibility of expert testimony is admissible to assist the trier of fact only

if it is both relevant and reliable.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  To ensure both of these elements are present, the trial judge serves as a "gatekeeper."  United States v. Majors, 196 F.3d 1206, 1215 (11th Cir. 1999), citing Daubert.  "'[F]ederal district courts ... perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'"  Majors, 196 F.3d at 1215 quoting Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc., 178 F.3d 1030, 1034 (8th Cir.1999), citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999).[1]

WHEREFORE, the government requests that the Court permit Special Agent Charles Mulherin, and Forensic Examiner Phillip Hopper to testify as experts in their fields, subject to the government laying the proper evidentiary foundation at trial.

Respectfully submitted this 11th day of April, 2019.

                                      Respectfully submitted,

                                      BOBBY L. CHRISTINE
                                      UNITED STATES ATTORNEY

*/s/ Jennifer Kirkland*

                                      Jennifer Kirkland
                                      Assistant United States Attorney
                                      New York Bar # 4838611

---

[1] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion.  General Elec. Co. v. Joiner, 522 U.S. 136 (1997); United States v. Gilliard, 133 F.3d 809, 812 (11th Cir.1998).

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 11th day of April, 2019.

                                        Respectfully submitted,

                                        BOBBY L. CHRISTINE
                                        UNITED STATES ATTORNEY

                                        */s/ Jennifer Kirkland*

                                        Jennifer Kirkland
                                        Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422