IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.                                                                          CASE NO.: 4:18-cr-262

HOSEA SCOTT,

Defendant.

## O R D E R

Defendant Hosea Scott has filed a Motion for Compassionate Release.  (Doc. 140.)  The Court has reviewed the entirety of the record in this case and finds that Scott has failed to set forth an extraordinary and compelling reason warranting a reduction in his sentence as required by 18 U.S.C. § 3582(c)(1)(A).  Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Scott compassionate release.  Thus, the Court **DENIES** Scott's Motion for Compassionate Release.

## BACKGROUND

Scott's conduct leading to his conviction in this case was quite serious.  After a jury trial, he was found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On September 12, 2019, after reviewing the totality of the record, the Court sentenced Scott to the statutory maximum,120 months' imprisonment.  (Doc. 97.)  Scott is currently serving the sentence in the custody of the Bureau of Prisons ("BOP") in Edgefiled, South Carolina.

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so.  18 U.S.C. §

3582(c)(1)(A)(i).  Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court.  The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act.  First, the defendant must have exhausted his administrative rights with the BOP.  Id. Second, the court must find that "extraordinary and compelling reasons warrant" release.  18 U.S.C. § 3582(c)(1)(A)(i).  Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  "The defendant generally bears the burden of establishing that compassionate release is warranted."  United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Scott compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018).  The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under  Section 3582(c)(1)(A):  (1)  a  medical  condition;  (2)  advanced  age;  and  (3)  family

circumstances.  Id. at § 1B1.13 cmt. n.1(A)–(C).  A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons.  The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence.  Bryant, 996 F.3d at 1265.

Scott does not even attempt to invoke one of the permitted categories for exceptional and compelling reasons.  Though difficult to decipher, his arguments in support of compassionate release center on the effectiveness of his trial counsel's assistance, the investigation against him, and the Court's calculation of his sentence.  While Scott is pressing many of these same arguments in support of his Section 2255 pleadings, he cannot advance them under 3582(c)(1)(A)(i).  Under Bryant, this Court cannot consider such arguments as a reason to grant compassionate release.  996 F.3d at 1265.

Moreover, even if Scott had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and

compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Scott's request for compassionate release. Scott's criminal conduct underlying the charges against him were quite serious. Moreover, his criminal history is abhorrent. Further, Scott has repeatedly and defiantly maintained his innocence despite the overwhelming evidence of his guilt. Also, Scott was sentenced approximately three years ago. Allowing his release after such a short period of time would not protect the public from his criminality, would not reflect the seriousness of his conduct, would not serve the needs of general and specific deterrence, and would create significant sentencing disparities between him and other defendants who have been found guilty of similar conduct. 18

U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all of the Section 3553(a) factors and finds that they warrant the denial of Scott's motion for compassionate release.

<b>CONCLUSION</b>

For all these reasons, the Court **DENIES** Defendant Scott's Motion for Compassionate Release, (doc. 140).

**SO ORDERED**, this 16th day of November, 2022.

 

 

_____

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA